UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:17-cv-00298 |
| NOTRE DAME UNIVERSITY, | ) ) ) |
| Defendants. | ) ) |

**BRIEF IN SUPPORT OF CONSENT MOTION TO
MAINTAIN UNIVERSITY RECORDS UNDER SEAL**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Indiana, Defendant University of Notre Dame ("University") hereby files this brief to support its consent motion to maintain certain University records under seal.

**INTRODUCTION**

Plaintiff John Doe ("Mr. Doe") filed his Complaint and Motion for Temporary Restraining Order and Preliminary Injunction against the University on or about April 20, 2017. Mr. Doe contemporaneously filed a motion for permission to proceed under a pseudonym, to which the University consented. Given the allegations at issue, the risk of harm to Mr. Doe and to current University student and original complainant Jane Roe ("Ms. Roe"), and the risk of disclosure of confidential and/or personal identifying information of Mr. Doe, Ms. Roe, and other students, the University now moves the Court to permit the filing and maintenance under seal of certain documents that would otherwise disclose such information to the detriment of the involved students, and that cannot be adequately remedied through redactions.

Counsel for the University has conferred with counsel for Mr. Doe regarding the instant motion. Counsel for Mr. Doe has consented to sealing the University records at issue.

## STATEMENT OF FACTS

Mr. Doe filed his Complaint and Motion for Temporary Restraining Order and Preliminary Injunction on or about April 20, 2017 seeking enforcement of the Americans with Disabilities Act (the "ADA"), an alleged contract between Mr. Doe and the University, and Title IX of the Educational Amendments Act of 1972 ("Title IX"). Chief among the Mr. Doe's allegations is that the University failed to properly administer certain hearing and investigative procedures related to sexual harassment allegations under Title IX and, during the same period, failed to provide appropriate services under the ADA to Plaintiff.

In order to fully respond to the allegations of Mr. Doe's recent complaint and motion for injunctive relief, the University intends to file sworn declarations of certain of its employees and authenticated business records created during the course of the investigative and hearing process that eventually resulted in Mr. Doe's dismissal from the University. These business records contain personal identifying and other sensitive information, including records related to Mr. Doe's psychological treatment and educational records subject to the Family Educational Rights and Privacy Act of 1974 ("FERPA"), regarding both Mr. Doe and Ms. Roe. The records also contain the personal identifying information and FERPA-protected information of other university students who served as witnesses to the investigation and hearing, but who are not parties to the instant dispute. Accordingly, the University seeks to file these records under seal pursuant to Fed. R. Civ. P. 5.2. Redaction is an inadequate remedy here, and maintaining this particular set of records under seal is appropriate because:

1. Many of the records contain transcripts of text messages exchanged between Mr. Doe and Ms. Roe. If the names of Mr. Doe and Ms. Roe are redacted in the records, the Court will be unable to determine which messages were sent by whom—a critically important issue, particularly when many messages exchanged between Ms. Roe and Mr. Doe were unanswered by one or the other, and not an even one-to-one exchange of communications.

2. Mr. Doe's allegations relate directly to whether or not certain students were participants in the proceedings and whether or not the University in fact attempted to contact those students. Accordingly, records containing personal identifying information of University students (who unwittingly became part of a sexual harassment investigation when Ms. Roe and Mr. Doe named them as potential witnesses) are necessary to determine the veracity of Mr. Doe's claims. If such information is redacted, the Court will be unable to determine whether those communications occurred or not.

3. Mr. Doe also argues the University ignored allegations he raised against Ms. Roe which are also part of the University's records. Like the allegations and proceedings against Mr. Doe, the records of the University's investigation of allegations raised against Ms. Roe contain sensitive information that will be difficult if not impossible to fully review in a redacted form. Moreover, the public disclosure of information related to any separate investigation of Ms. Roe is still a record of personal identifying and other sensitive information related to an alleged victim of sexual misconduct.

4. The allegations at issue in this case are sensitive in nature, and would likely cause harm to Ms. Roe and Mr. Doe, as well as their friends who acted as witnesses, if the information was to become public knowledge. Although such concerns may in some cases be adequately

addressed by redaction, as noted above, redaction will not adequately permit full review of the allegations at issue.

5. Due to the expedited nature of the briefing and review of evidence given Mr. Doe's pending motion for temporary restraining order and preliminary injunction, there has not yet been sufficient time to agree to the entry of a protective order that might otherwise serve as a basis for sealing the documents at issue.

Therefore, In the interest of protecting the personal identifying information, FERPA information, and other sensitive information of Mr. Doe, Ms. Roe, and other university students not yet involved in the current litigation, the University hereby requests that the Court issue an order pursuant to Fed. R. Civ. P. 5.2 reflecting that the University records submitted by the University in its response to Plaintiffs' motion for temporary restraining order may be filed and maintained under seal, without redaction.

**ARGUMENT**

I. **Legal Standard.**

In order to justify the sealing of records filed with the Court, a party must show good cause. *See Citizens First. Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "The general presumption is that judicial records are public, but this can be overridden when 'the property and privacy interests of the litigants predominate in the particular case.'" *Allen v. Payday Loan Store of Indiana, Inc.*, No. 2:13-CV-262-WCL-PRC, 2015 WL 11121539, at *1 (N.D. Ind. Apr. 9, 2015) (quoting *Citizens*, 178 F.3d at 945) (ellipsis omitted). "[T]e decision of whether good cause exists to file a document under seal rests solely with the Court." *Id.*

**II.     Good cause exists to place and maintain under seal the University records at issue.**

Because the records submitted by the University are disciplinary records related to the matriculation and dismissal of one of its students and the sexual harassment claims brought by another, the records constitute "educational records" under FERPA, and thus there is good cause to seal the records. Moreover, because the records contain the personal identifying information of non-parties, including University students, who provided statements regarding the sexual harassment claims at issue, the records should be maintained under seal in the interest of the privacy of those non-parties.

**A.     The Records are Protected from Disclosure by FERPA.**

The records at issue include the University's non-criminal investigation of student conduct based on serious allegations of stalking, harassment, and other violations by Mr. Doe. These records are protected by FERPA because they are "educational records." *See Painter v. Mr. Doe*, 2016 WL 3766466 at *4 (holding that transcripts of a sexual misconduct administrative hearing "are education records of both the accused student and the victim of the alleged crime, so long as the victim is also a student of the university," and "FERPA provides a compelling interest in protecting the privacy of student records") (citing *U.S. v. Miami Univ.*, 91 F.Supp.2d 1132, 1149 (S.D. Ohio 2000)). This prohibits the University's disclosure of the records without the consent of both involved students. *See id.* Mr. Doe has not consented to release of the records to the public, nor has Ms. Roe. Moreover, under FERPA, the "citizenry does not possess a First Amendment right of access to the disciplinary records" of universities, rendering any public access concerns with respect to the disciplinary records at issue here moot. *See Miami Univ.*, 91 F.Supp.2d at 1158.

**B. The Records Reference Private Individuals Not Party to the Litigation**

Even if the records were not protected by FERPA, they contain information relevant to the litigation (i.e. the names of witnesses and the University's communications with those witnesses) that, if publicly accessible, would unfairly disclose the personal identifying information of those individuals. Sealing of portions of records, even if not protected by a separate privacy interest, may be appropriate when they involve individuals who are "not a party to the case and whose [personal information] is not relevant to the claims in the lawsuit." *McGill v. Univ. of Rochester*, 2013 WL 5951930 at *11 (W.D.N.Y. Nov. 6, 2013) (holding that even though a university's employment records were "judicial documents" with a presumption of public access, the "balance tips decidedly in favor of protecting the privacy of the nonparty.")

**III.     Sealing is the Most Appropriate Approach to Protect Privacy in This Instance.**

As held by the Western District of North Carolina in *Painter*, in certain circumstances, sealing is, in fact, the least drastic option. *See Painter*, 2016 WL 3766466 at *5. Redaction is impractical here, because the necessary redactions to protect privacy will undermine the very purpose of introducing the records. This is the case because the names of Ms. Roe, Mr. Doe, and the student witnesses involved in the University proceeding are necessary to understand transcripts of text message conversations and to determine whether particular non-party witnesses sought by Mr. Doe were included in the University process. Thus, sealing in this instance will allow both parties to rely on the records in their entirety as evidence in the case, while affording both Mr. Doe and Ms. Roe the privacy with respect to educational records to which they are entitled under FERPA. and respecting the privacy of other students who were involved as witnesses in the University proceedings. *See id.*

## CONCLUSION

For the reasons stated above, the University respectfully requests that the Court maintain the records submitted alongside its Response in Opposition to Plaintiff's Motion for Protective Order and Preliminary Injunction under seal.

Respectfully submitted,

_s/ Damon R. Leichty
Damon R. Leichty
Kelly J. Hartzler
Eileen S. Pruitt
BARNES & THORNBURG LLP
100 1st Source Bank Center
100 North Michigan Street
South Bend, IN 46601-1632
Telephone: (574) 233-1171
Facsimile: (574) 271-4060
Email: dleichty@btlaw.com.
khartzler@btlaw.com
epruitt@btlaw.com

*Attorneys for Defendant Notre Dame University*

**CERTIFICATE OF SERVICE**

      I certify that on April 25, 2017, a copy of the foregoing document was filed electronically and notice of this filing was sent to all CM/ECF-registered counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                      _s/ Damon R. Leichty_