UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:17-cv-00298 |
| ) | |
| NOTRE DAME UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

**AGREED PROTECTIVE ORDER**

All parties in this case (collectively "the Parties") stipulate and agree that certain information that has been or will be requested through discovery is confidential information.

IT IS HEREBY ORDERED pursuant to Federal Rule of Civil Procedure 26(c)(1) that the following provisions shall govern the handling of such confidential information, documents and other materials provided by the Parties in this proceeding.

1. The term "Confidential Information" means personal identifying information, educational records subject to the Family Educational Rights and Privacy Act of 1974 (FERPA), medical records subject to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and other records disclosing the identity or relevant facts related to the pseudonymous plaintiff and complainant in this action or non-party students of the University of Notre Dame. Examples of documents that may constitute "Confidential Information" include university Title IX investigative records, university Office of Community Standards administrative hearing and disciplinary proceeding records, student transcripts, confidential student witness statements provided to the Title IX coordinator's office or the Office of Community Standards, and other sensitive information.

2. "Confidential Information" for "ATTORNEY EYES ONLY" designation means information that the producing party deems especially sensitive, which may include, but are not limited to, unredacted personal identifying information of students who do not consent to the release of their FERPA-protected information or other information of an ongoing investigative nature protected by FERPA, HIPAA, or otherwise. "Confidential Information" in this order refers to such information marked "CONFIDENTIAL" AND "ATTORNEY EYES ONLY."

3. The term "Producing Party" means the person or entity producing the "Confidential Information." The term "Receiving Party" means each person or entity to whom such information was produced or otherwise disclosed.

4. Information, documents, and materials produced by the Parties, which the Producing Party in good faith believes contain Confidential Information, shall be designated as confidential by the Producing Party at the time of production by means of a "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" stamp or legend placed on each page containing Confidential Information.

5. Any information, document, or material designated as "CONFIDENTIAL" shall not be disclosed by the Receiving Party to anyone other than persons designated herein and listed in Paragraph 6 hereafter; shall be handled by persons designated herein in the manner set forth in this Order; and shall not be used for any purpose other than in this case until such designation is removed by agreement of the Parties, or by subsequent Order of this Court.

6. Access to Confidential Information marked as "CONFIDENTIAL" shall be afforded by the Receiving Party only to Qualified Persons. The term "Qualified Persons" means:

(a) This Court, including court staff and jurors;

(b) Independent court reporters attending or transcribing depositions in this case;

USDC IN/ND case 3:17-cv-00298-PPS-MGG   document 32   filed 04/28/17   page 3 of 10

(c) The parties or executives and in-house counsel of the parties who have direct functional responsibility for assisting in matters relating to the proceedings in this case;

(d) Other personnel of the parties who genuinely need to be consulted by counsel of record, in the discretion of such counsel, in preparation for the trial of this case;

(e) Any person indicated on the face of a document marked "CONFIDENTIAL" as its originator, author, or recipient;

(f) Others who, as witnesses in this action, are believed by counsel of record to need access to and knowledge of protected subject matter in order to provide testimony believed reasonably relevant to issues in this case;

(g) Independent experts retained to consult or testify in connection with this case, but only if such persons are not shareholders, officers, directors, or employees of a party to this action;

(h) Counsel of record (including all attorneys, legal assistants and clerical staff within their respective law firms);

(i) Such other persons as may be designated by written agreement of the Parties to this proceeding and the non-party at issue; and

(j) Any other person(s) designated as a "Qualified Person" by Order of this Court, after notice to all parties and the non-party at issue.

7. All persons receiving Confidential Information marked as "CONFIDENTIAL" shall be advised of the terms of this Order, and shall agree to comply with its terms as a condition to receiving access to these materials. All persons falling within the description of Paragraph 6, subparts (d), (f), (g), (i), and (j) shall, before obtaining access to the Confidential Information, be told of this Protective Order and personally sign and date a form substantially identical to "Exhibit A - Confidentiality Agreement" attached to this Order. It shall be the responsibility of the counsel who shares Confidential Information with any person to apprise them of this Order, require the person to sign Exhibit A, and thereafter maintain custody of such signed forms.

8. Any information, document or materials designated as "ATTORNEY EYES ONLY" may be disclosed only to counsel of record (including all attorneys, legal assistants and

3

clerical staff within their respective law firms), and independent court reporters attending or transcribing depositions in this case (subject to the limitations herein), unless otherwise agreed to in writing by the Parties or ordered by the Court. "ATTORNEYS EYES ONLY information includes any abstracts, summaries, derivations, notes or other reproductions of documents designated as "ATTORNEYS EYES ONLY". ATTORNEYS EYES ONLY information may be used at depositions in this case with any witnesses who are current agents, employees, or contractors of the party producing such information or who, from the face of the document or otherwise, it can be determined either authored or received the document in question.

9. Any information, document or materials designated as "ATTORNEYS EYES ONLY" shall not be used by any non-producing party at a hearing or trial unless the parties agree to such use in writing or the non-producing party has sought an Order from the Court allowing the "ATTORNEYS EYES ONLY" documents or information (and the relevant portions of the deposition, hearing or trial transcript) to be filed with the Court under seal. In the event that any question is asked at a deposition which a party asserts calls for "ATTORNEYS EYES ONLY" information, the party asserting the "ATTORNEYS EYES ONLY" designation shall make that objection and designation clear on the record and during the asking of the questions. Upon such designation, all parties agree that questions and answers so designated shall immediately be considered "ATTORNEYS EYES ONLY" material under the terms of this Order and that such information and the transcripts thereof shall not be used in any hearing or trial unless the parties agree to such use in writing or the party seeking to use the "ATTORNEYS EYES ONLY" information obtains a protective order pursuant to Fed. R. Civ. P. 26 allowing the "ATTORNEYS EYES ONLY" documents or information (and relevant portions of the transcript) to be filed with the Court under seal. The provisions for expenses contained in Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 37(a)(5) shall not apply to any Order sought pursuant to this paragraph.

10. Confidential Information produced by the Parties shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

11. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information in order to ensure that its confidentiality is maintained.

12. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Producing Party consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13. Any party may designate Confidential Information disclosed in a deposition as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is subject to the provisions of this Order.

14. Except for "ATTORNEYS EYES ONLY" designations of deposition testimony, which are governed by prior paragraphs, each deposition transcript containing the Confidential Information from the Parties in this action shall be provisionally deemed Confidential Information for a period ("Provisional Designation Period") from the date of the deposition through thirty (30) days after all parties have received the transcript. The Provisional Designation Period for any deposition transcript may be lengthened or shortened by agreement of the Parties or by order of the Court for good cause shown.

15. Prior to the end of the Provisional Designation Period, any party may designate Confidential Information disclosed in a deposition as Confidential Information by notifying all of the parties, in writing, of the specific pages and lines of the transcript that contain the Confidential Information. If such a designation is made, the parties shall attach a copy of such written notice or notices to the face of the transcript and each copy of the transcript in their possession, custody or

control and shall mark the designated pages of the transcript and copies as provided in Paragraph 3 above.

16. Inadvertent production of any Confidential Information without a designation as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" will not be deemed to waive the Producing Party's claim to its confidential nature or estop it from designating said documents or information as "CONFIDENTIAL" OR "ATTORNEY EYES ONLY" at a later date. Disclosure of said document or information by others prior to such designation shall not be deemed a violation of this Protective Order.

17. If the Producing Party discovers that it has inadvertently disclosed Confidential Information to a Receiving Party without designating it as Confidential Information, the Producing Party shall promptly notify the Receiving Party in writing, specifically identifying the information at issue and shall provide to the receiving party replacement documents marked as required in this Order to designate the Confidential Information, and promptly notify any non-Qualified Persons who may have reviewed the inadvertently disclosed Confidential Information before the notice was received that such information shall be treated as Confidential Information.

18. Should a party inadvertently disclose documents or information subject to the attorney-client privilege or attorney work-product protections, such inadvertent disclosure shall not constitute a waiver of that privilege or protections with respect to any particular document(s) or the subject matter of the document(s). Any inadvertently disclosed privileged document or information, whether protected by the attorney-client privilege or work-product protections, will not be used for any purpose in this case upon notification of the producing party to the receiving party. If the party producing the subject document or information discovers that it produced a document or information that appears to be subject to the attorney-client privilege or work-product protection, the producing party must notify the receiving parties of the inadvertent disclosure or production in

writing within seven (7) days of the discovery of such inadvertent disclosure or production. All parties agree to return or destroy any identified privilege material inadvertently disclosed immediately upon notice of such disclosure by the opposing party, including removing access to the electronic version of the document and taking reasonable efforts to retrieve the document if it was disclosed before notification. If there is a dispute regarding the document or information, the producing party will preserve the document or information until the dispute is resolved.

19. A Receiving Party may object to the designation of information as Confidential Information at any time. In the event that a Receiving Party disagrees at any stage of these proceedings with the designation ("Disputed Designation") of any information as Confidential Information, the Receiving Party and the Producing Party shall first try to resolve such dispute in good faith on an informal basis pursuant to N.D. Ind. L.R. 37-1. The Receiving Party shall provide written notice to the Producing Party and state the grounds for the objection. If the dispute remains unresolved after 15 days, the Receiving Party may move the Court to revoke the Disputed Designation. The Producing Party carries the burden of establishing the confidential nature of the information. Unless and until the objection is resolved, the information or document shall continue to be treated as Confidential Information.

20. Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. *See Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

21. In the event that a party wishes to use any Confidential Information in any motion, affidavit, brief, memoranda of law, or other paper that reproduces, paraphrases, summarizes or encloses Confidential Information and which is filed with the Court for any purpose, such Confidential Information shall be filed in accordance with N.D. L.R. 5-3 and the CM/ECF User Manual for the United States District Court for the Northern District of Indiana. Provided,

however, all parties understand that the decision whether or not to maintain information under seal is for the Court and cannot be controlled by the parties.

22. Whenever Confidential Information is introduced or used at a deposition, hearing, trial or other proceeding, the portions of the proceeding that concern such Confidential Information shall be conducted under circumstances to ensure that only those persons duly authorized by this Order to have access to such Confidential Information shall be present. Upon the request of any party, the portions of the transcript of any such proceeding, along with associated exhibits, that concern Confidential Information shall be sealed and kept confidential pursuant to the provisions of this Order.

23. Within sixty (60) days after the final termination of this litigation, all Confidential Information, all copies thereof, and all summaries of Confidential Information, shall either be returned to the Producing Party or shall be destroyed by the Receiving Party and such destruction shall be certified in writing by the Receiving Party to the Producing Party.

24. Insofar as the provisions of this Order restrict the disclosure and use of information produced, this Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are admitted as exhibits in Court on a non-confidential basis, and (b) a party may seek the written permission of the Producing Party or further Court Order for dissolution or modification of this Protective Order.

25. Nothing in this Order shall preclude any party from applying to the Court for modification of the terms of this Order as may be appropriate; provided, however, that prior to any such application, the parties shall confer with each other and make a good faith effort to resolve the matter by agreement.

26. Nothing in this Order shall preclude any party from applying to the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) regarding the production of specific information

or documents not otherwise subject to the provisions of this Order.

27. In the event anyone shall violate or threaten to violate this Order, it is agreed that any aggrieved party may immediately apply to and obtain injunctive relief against such person, and in the event that any aggrieved party shall do so, no respondent person subject to the provisions of this Order shall be permitted to assert that the aggrieved party possesses an adequate remedy at law. If any person having access to the Confidential Information violates this Order, he or she may be subject to sanctions by the Court.

28. The Court also acknowledges that a potential interested non-party to this action exists based on the Motion to Maintain Interested Party Records Under Seal [DE 29] filed on April 27, 2017, by the anonymous movant Jane Roe. The Court **ORDERS** that the anonymous movant be referred to only as "Jane Roe" in open court and in all filings before this Court pending further order of this Court. Jane Roe's pending motion [DE 29] will be resolved in due course by separate order.

**APPROVED AND SO ORDERED**:

Dated this 28th day of April, 2017.

<div style="text-align:right">
s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge
</div>

cc:   Jane Roe
   c/o Attorney Benjamin M. Blatt
   813 Berlin Avenue
   Mishawaka, IN 46544
   (574)360-4039
   Bblatt11@gmail.com

## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I have read the Agreed Protective Order executed by the attorneys of record for the parties and entered by the Court in the above-captioned action, understand the terms of the Agreed Protective Order, and agree to be bound by its terms.

I will hold in confidence and not disclose to anyone not authorized under the Agreed Protective Order any materials containing Confidential Information disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Confidential Information disclosed to me for any purpose not authorized under the Agreed Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Confidential Information in connection with my own research or in connection with any consulting for third parties.

At the conclusion of this case, I will return all materials containing Confidential Information which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided such Confidential Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated: _____
                                         Signature

                                         _____
                                         Printed Name