UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:17-CV-298-PPS-MGG |
| ) | |
| NOTRE DAME UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

On April 27, 2017, anonymous non-party, Jane Roe, through counsel Benjamin M. Blatt, filed her Unopposed Motion to Maintain Interested Party Records Under Seal. Through her motion, Roe asks the

> Court to Order that any records subpoenaed from [her] by either captioned party to this action by [sic] held, filed, and maintained under permanent seal and be protected by the aegis of the agreed protective order [issued by this Court on April 28, 2017], including the text messages which Plaintiff has subpoenaed from both the Defendants and [her], as well as any other document or exhibit containing [her] personal or academic information, or which may be used to identify [her] to the media.

[DE 29 at 1]. However, Roe's motion—despite the parties' lack of objection—is not properly before the Court because Roe is not a party and has not been granted permission to intervene in this action.

While the Court would be within its discretion to strike Roe's improper motion, the Court will instead **STAY** Roe's motion [DE 29] for a brief time to afford Roe, with the assistance of her attorney, to either (1) file a motion for intervention under Fed. R. Civ. P. 24, or (2) to secure the parties' agreement to file a motion to amend the Court's existing protective order to include

narrowly tailored protection for Roe's records.  Any motion to intervene or motion to amend the existing protective order must be filed no later than **May 19, 2017**.

The Court **NOTES** for future reference that Roe's proposed order [DE 31] related to the instant motion fails to meet the stringent requirements for keeping records under seal set forth in *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).  In *Citizens*, the Seventh Circuit held that before a court issues a protective order to seal anything, it must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); *Citizens,* 178 F.3d at 944.  Courts must not grant parties *carte blanche* to seal or protect whatever they desire so as to fulfill their obligations as the primary representative of the public interest in the judicial process.  *Citizens,* 178 F.3d at 944; *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002).  Therefore, review of even an agreed proposed protective order must ensure that

> (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents.

*Pierson,* 205 F.R.D. at 647 (citing *Citizens,* 178 F.3d at 946).  The Court **ADVISES** Roe and the parties that the Court will deny any proposed protective order that does not satisfy these requirements.

**SO ORDERED.**

Dated this 3rd day of May, 2017.

                     s/Michael G. Gotsch, Sr.
                     Michael G. Gotsch, Sr.
                     United States Magistrate Judge