UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE, )<br>           Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY OF NOTRE DAME, )<br>)<br>           Defendant. )<br>) | CASE NO. 3:17CV298-PPS/MGG |

## ORDER

Upon consideration of Plaintiff John Doe's Unopposed Motion for Permission to Proceed Under Pseudonym, I make the following findings.

1. This action arises out of an allegedly improper investigation and hearing by the University of Notre Dame ("the University") for alleged sexual misconduct that resulted in the dismissal of Plaintiff, a student in his senior year there, two weeks before graduation.

2. In his complaint, Plaintiff alleges that, on November 28, 2016, his former girlfriend, Jane Roe,[1] an undergraduate student at the University, filed a complaint with the University that Plaintiff had subjected her to dating violence and sexual harassment (stalking and abusive or harassing behavior) during their year-long relationship beginning in the fall of 2015 by sharing with her his recurrent thoughts of suicide in text messages.

---

[1] Plaintiff seeks to proceed under a pseudonym for himself and Jane Roe, and also seeks to protect from public disclosure the identities of involved student witnesses.

3. Plaintiff alleges that during this period of time he had been experiencing episodic depression and suicidal ideation, and that he shared those thoughts with Jane Roe through the text messages, but denies this behavior constituted sexual misconduct.

4. Plaintiff asserts claims for declaratory and injunctive relief and damages pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq.* (Count I); Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181, *et seq.* (Count II); Section 504 of the Rehabilitation Act of 1993, as amended, 29 U.S.C.S. § 794, *et seq.* (Count III); and common law claims of breach of contract, estoppel and reliance, negligence, and negligent infliction of emotional distress (Counts IV through VII).

5. Plaintiff moves for permission to proceed pseudonymously "in order to maintain and protect his privacy and reputational interests as he seeks redress against the University," and also seeks to maintain the privacy of the complainant in the underlying disciplinary proceeding by referring to her pseudonymously as "Jane Roe."

6. Plaintiff further seeks to protect the identities of involved student witnesses.

7. The University does not oppose the motion.

8. As our Court of Appeals has explained, "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] … exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011) (citing *City of Chicago*), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2012).

9. The decision whether to permit parties to proceed anonymously is "left within the discretion of the district court." *Elmbrook Sch. Dist.*, 658 F.3d at 721.

10. District courts in our Circuit permit a party to proceed anonymously "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996), quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

11. "Courts dealing with requests to proceed under fictitious names have avoided trying to articulate any mechanical legal test." *Indiana Black Expo*, 923 F. Supp. at 139.

12. Because "[t]here is no simple formula" for determining when to allow the use of pseudonyms, the courts have identified "a number of factors that should be considered to determine whether a plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants." *Id.* at 139-40.

13. These include the following non-exclusive factors: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; (5) whether the party defending against a suit brought under a pseudonym would be prejudiced; (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *Doe v. City of Indianapolis*, No. 1:12-cv-0062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, at *3 (S.D. Ind. Feb. 27, 2012); *see also Indiana Black Expo*, 923 F. Supp. at 140 (applying nearly identical five-factor test).

14. "[A] judge presented with a request to proceed under a fictitious name should carefully review *all* the circumstances of a given case and then decide 'whether the customary

practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.*, citing *Frank*, 951 F.2d at 323.

15. In addition, the Seventh Circuit has specifically endorsed the use of fictitious names for certain categories of litigants, including children, rape victims, and "other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997).

16. The Court of Appeals has also cited with approval the "balancing inquiry" used by the Court of Appeals for the Second Circuit. *Elmbrook Sch. Dist.*, 658 F.3d at 724, citing *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008).

17. The *Sealed Plaintiff* factors include substantively identical factors to those cited above, as well as several additional factors that are relevant and may be considered here, including:

- whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; and
- whether the plaintiff's identity has thus far been kept confidential.

*Id.* at 190 (internal citations and quotation marks omitted).

18. This list of factors informs the analysis here.

19. With respect to the *City of Indianapolis* factors, the first and third factors are not applicable to this case, as John is not challenging governmental activity and he will not be compelled to admit an intention to engage in illegal conduct.

20. All of the other *City of Indianapolis* factors apply to this case and weigh in favor of allowing Plaintiff to proceed anonymously.

21. With respect to the second factor, this litigation will require disclosure of information of the "utmost intimacy," including highly sensitive, personal information

4

concerning Plaintiff's and Jane Roe's sexual relationship, Jane Roe's allegations of sexual misconduct, and the University's decision finding Plaintiff responsible for the allegations.

22. There is a likelihood that if Plaintiff's identity is disclosed, the identities of Jane Roe and other involved student witnesses could be readily ascertained and made public.

23. Other courts have allowed student-plaintiffs (like Plaintiff) who have brought lawsuits against colleges and universities stemming from sexual misconduct proceedings to use pseudonyms. *See*, *e.g.*, *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding magistrate's order granting pseudonym motion where plaintiff, a college male, was found responsible for sexually assaulting a female classmate); *Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016) (holding that student bringing suit against his university challenging its investigation and finding of sexual misconduct can proceed anonymously after balancing all pseudonym factors); *Doe v. Brandeis*, No. 1:15-cv-11557-FDS (D. Mass. June 17, 2015) (permitting use of pseudonym after weighing factors because student-plaintiff could be subject to "social stigmatization" if his identity were disclosed in lawsuit against university which found him responsible for sexual misconduct); *Doe v. Swarthmore Coll.*, No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) (granting motion to proceed under pseudonym and finding student-plaintiff's application of pseudonym factors to his case "compelling").

24. Plaintiff's lawsuit also involves highly sensitive and private information concerning his mental health, including his episodes of depression, suicidal ideation, and therapeutic treatment and recovery.

25. While the Seventh Circuit has disapproved in dictum the grant of pseudonym motions for claims involving medical and psychiatric information, *e.g., Doe v. Vill. of Deerfield*,

819 F.3d 372, 377 (7th Cir. 2016), those concerns are not applicable here, because Plaintiff's psychiatric condition was directly linked to the sexual misconduct charges, in that Jane Roe claimed Plaintiff's episodes of depression, suicidal ideation and threats of self harm were intended to harass and coerce her into sexual activity with him.

26.     With respect to the risk of injury factor, because Plaintiff seeks redress against the University for its alleged mishandling of serious charges of sexual misconduct, Plaintiff has a reasonable fear that he would suffer retaliatory physical or mental harm, social stigmatization, and reputational injury if he is denied the opportunity to pursue this action without a pseudonym.

27.     The University itself conducts disciplinary proceedings involving sexual misconduct allegations with the utmost confidentiality, and presumably these privacy protections are in place at least in part to avoid physical or emotional retaliation against students involved in such proceedings.

28.     Further, being charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma.  *See, e.g., Doe v. Brandeis Univ.*, 177 F. Supp. 3rd 561, 602 (D. Mass. 2016) (a "student who is found responsible for sexual misconduct will likely face substantial social and personal repercussions"); *Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 613 (E.D. Va. 2016) (noting that a charge of sexual misconduct "plainly calls into question plaintiff's good name, reputation, honor, or integrity") (citation omitted).

29.     With respect to the fifth *City of Indianapolis* factor, there is no risk of prejudice to the University.  The University knows the actual identities of Plaintiff and Jane Roe, all of Plaintiff's filings in the case will be publicly available, and the University will be entitled to the same full discovery just as if Plaintiff were litigating under this own name.  Additionally,

permitting Plaintiff to use these pseudonyms will benefit the University's interest in maintaining the privacy rights of students who are involved in investigations into charges of sexual misconduct.

30. With respect to the public interest, although the public has a legitimate interest in the *legal issues* Plaintiff raises in his complaint, including issues of fairness, discrimination based on gender and disability, and contractual obligations owed by colleges to accused students in sexual misconduct disciplinary proceedings, the actual identities of the individuals are of minimal importance to the public.

31. Moreover, protecting John's identity will not "impede the public's ability to follow the proceedings." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001); *accord Doe v. Stegall*, 653 F.2d 180,185 (5th Cir. 1981) ("Party anonymity [will] not obstruct the public's view of the issues joined or the court's performance in resolving them."). Plaintiff only seeks to protect his identity and the identities of the complainant and other student witnesses. All filings submitted to the Court will be a matter of public record, and will be available for public review.

32. Further, all courtroom proceedings in the case will be open to the public subject to the least intrusive means possible of protecting the identities of the parties and witnesses.

33. With respect to our Court of Appeals concern for children and "particularly vulnerable parties," although Plaintiff and Jane Roe are not children, they are young college students, and their young age weighs in favor of permitting their identities to remain private. *See Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved.").

34. With respect to the additional *Sealed Plaintiff* factors, Plaintiff will incur the injury he is seeking to avoid with the filing of his complaint if his identity is publicly disclosed, including social stigma, reputational injury, and possible retaliatory harm.

35. Finally, Plaintiff has kept his identity confidential. He has revealed information about the student disciplinary proceeding only to a small inner circle of persons with a need to know, including family, attorneys, and his treating therapist.

36. Balancing these factors, I find that Plaintiff (and Jane Roe) have a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Indiana Black Expo*, 923 F. Supp. at 139.

37. The University does not oppose Plaintiff's motion, and no aspect of the case would enhance the public's interest in knowing the identity of Plaintiff, Jane Roe, or involved witnesses.

38. In light of that balancing, anonymity is warranted.

ACCORDINGLY:

Plaintiff's Motion for Permission to Proceed Under Pseudonym [DE 4] is **GRANTED**. Plaintiff and Defendant shall proceed using the pseudonym "John Doe" for the plaintiff, and the pseudonym "Jane Roe" to refer to the female complainant in the underlying disciplinary proceeding. The parties shall also use pseudonyms and redaction as necessary to protect from disclosure the identities of witnesses in the disciplinary proceeding. Access to the actual identities of John Doe and Jane Roe shall be limited only to this Court and the parties.

Dated: May 8, 2017                                              /s/   Philip P. Simon
                                                                              Judge, U.S. District Court