UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:17-cv-298 |
| | ) | |
| NOTRE DAME UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT UNIVERSITY OF NOTRE DAME'S BRIEF SUPPORTING ITS PARTIAL MOTION TO DISMISS

Four claims within Mr. John Doe's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), and for the following reasons:

- Negligent infliction of emotional distress (Count VII) is not a cognizable stand-alone tort in Indiana under the circumstances of Mr. Doe's complaint. *See Spangler v. Bechtel*, 958 N.E.2d 458, 466 (Ind. 2011).

- Under Indiana law, promissory estoppel (Count V) cannot be established without reasonable reliance on a promise. *See Reginald Martin Agency, Inc., v. Conseco Medical Ins. Co.*, 478 F.Supp.2d 1076, 1093 (S.D. Ind. 2007). Mr. Doe has offered only a conclusory allegation of reliance based on his enrollment, but not facts that would establish his awareness or reading of *du Lac* (on which he bases this claim) that motivated his enrollment. His pleading is insufficient under *Twombly*.

- The ADA and Rehabilitation Act claims (Counts II and III), which are treated the same under federal law, are not sustainable here for many reasons. Whether based on an actual or perceived disability, Mr. Doe has not alleged (a) a disability that substantially limits a major life activity, (b) a causal connection between such a disability and adverse actions, or (c) a legally cognizable claim for reasonable accommodation. Instead, he often pleads allegations contrary to such claims.

For these simple reasons, these four counts should be dismissed.

**COMPLAINT**[1]

While the Court will recall certain alleged facts from the recent preliminary injunction hearing concerning the breach of contract and Title IX allegations, some recitation of the complaint's allegations is deserved given the Rule 12(b)(6) standard and the separate allegations and claims at issue in this motion.

Mr. Doe alleges that the University engaged in actions that violated Title III of the Americans with Disabilities Act of 1990 ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), as well as establish negligent infliction of emotional distress and equitable estoppel claims, when it investigated Ms. Jane Roe's Title IX complaints and followed the procedures within the University's Code of Conduct, *du Lac: A Guide to Student Life* ("*du Lac*") [Compl., Dkt.1]. Mr. Doe claims the University's investigations and procedures were not sufficient.

As a student at the University, Mr. Doe alleges that he is in a contractual relationship with the University, which is governed in part by the Policy on Sexual and Discriminatory Harassment (the "Policy") and *du Lac* [*Id.* ¶159]. Mr. Doe claims that the University did not use its institutional resources, including the provisions in the Policy, *du Lac*, and the Suicide Prevention and Coping Resources, on "John's behalf" [*Id.* ¶¶36-46].

On November 28, 2016, Ms. Roe filed a Title IX complaint with the University based on Mr. Doe's actions within their relationship [*Id.* ¶¶26-27]. Mr. Doe claims the University ignored his complaints that Ms. Roe engaged in "similarly harassing behavior" because he reported her behavior to the Title IX office and the University's "Speak Up" portal of the OCS website without response [*Id.* ¶¶104-105]. Mr. Doe states the investigator was "neither fair nor impartial" [*Id.* ¶75].

---

[1] In reciting the allegations as pleaded by Mr. Doe, the University reserves its defenses and objections to their accuracy and truthfulness. In addition, the University reserves all rights and defenses regarding *all* claims within the complaint, including those not yet addressed here. *See, e.g., Jupiter Aluminum Corp. v. Sabaitis,* 2016 U.S. Dist. LEXIS 34571, 2 (N.D. Ind. March 15, 2016) ("When a party files a partial motion to dismiss, the deadline for filing a responsive pleading regarding the unchallenged claims is automatically extended to fourteen days after the motion to dismiss is resolved."); *Ello v. Brinton,* 2015 U.S. Dist. LEXIS 152897, 11-12 (N.D. Ind. Nov. 10, 2015) (same); *Richter v. Corporate Fin. Assocs.*, 2007 U.S. Dist. LEXIS 29155, 5 (S.D. Ind. April 19, 2007) (same).

After an opportunity to review documentation, the policy questions at issue, and attend the administrative hearing, on March 20, 2017, the hearing panel issued its decision, determining that Mr. Doe violated University Standards of Conduct: "Stalking; Willful damage to the reputation or psychological well-being of another; Dating Violence; and Abusive or harassing behavior, including unwelcome communication" [*Id.* ¶¶91-92].

The University dismissed Mr. Doe through the 2017 fall semester, making him eligible for readmission in the 2018 spring semester [*Id.* ¶93]. The decision also barred Mr. Doe from campus. [*Id.*]. On March 27, 2017, Mr. Doe appealed the decision by submitting a case review request [*Id.* ¶97]. On April 13, 2017, the review board determined there was not sufficient cause for review and held the decision final [*Id.* ¶102].

Mr. Doe alleges that he developed depression in June 2016 after a colleague committed suicide [*Id.* ¶22]. In Count II, Mr. Doe claims that the University violated the ADA by ". . . charging Plaintiff with violation of University rules, dismissing him from school, barring him from the University, threatening to arrest him for trespassing if he entered University property, and imposing discriminatory conditions upon his readmission . . ." [*Id.* ¶146]. Mr. Doe claims the University allegedly discriminated against him based on his disability with regard to full and equal enjoyment of the University's services, excluded Mr. Doe from participating in or benefiting from its programs because of his disability, and treated Mr. Doe unequally compared to students without a disability [*Id.* ¶¶148-150]. Additionally, the University allegedly failed to provide a reasonable accommodation under the ADA by "denying Mr. Doe's requests to drop the charges against him, to allow him to return to school, and to dissolve the barring order . . ." [*Id.* ¶151].

Similar to his ADA claim, Mr. Doe alleges that the University violated the Rehabilitation Act in Count III by ". . . charging Plaintiff with violation of University rules, dismissing him from school, barring him from the University, threatening to arrest him for trespassing if he entered

University property, and imposing discriminatory conditions upon his readmission . . ." and failed to provide a reasonable accommodation by denying "Plaintiff's requests to drop the charges against him, to allow him to return to school and take final exams, and to dissolve the barring order . . ." [*Id.* ¶¶153, 155]. Mr. Doe also alleges that the University discriminated against him, excluded him from participating in or benefiting from the University's services, and denied him the benefits of those services because of his disability [*Id.* ¶154].

In support of his negligent infliction of emotional distress claim in Count VII, Mr. Doe states that the University owed him a "duty to protect him from foreseeable harm" when the University "investigate[d]" allegations of sexual misconduct against one of its students," which Mr. Doe relied on and the University breached, causing physical harm [*Id.* ¶¶179-182].

Finally, Mr. Doe alleges "estoppel and reliance" in Count V, claiming the University promised it would provide a fair and just process to resolve allegations of *du Lac* violations and claiming that he "relied on such promise when he made the decision to enroll at the University" [*Id.* ¶168]. When he was not given fair process as he alleges, he claims he sustained damages because he cannot return to the University for one year [*Id.* ¶169].

## LEGAL STANDARD

Mr. Doe's ADA, Rehabilitation Act, negligent infliction of emotional distress, and estoppel claims should be dismissed under Rule 12(b)(6). Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss, the court accepts all facts alleged in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010).

Pleading standards "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 556 U.S. at 570).

"A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Adams*, 742 F.3d at 729 ("By emphasizing a plausibility requirement, *Twombly* and *Iqbal* obviously require more than mere notice."). Finally, pleadings that are "no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Under these clear guidelines, four of Mr. Doe's claims should be dismissed.

## ARGUMENT

**A.  Mr. Doe's Negligent Infliction of Emotional Distress Claim (Count VII) Should be Dismissed.**

Negligent infliction of emotional distress is not a cognizable stand-alone tort in Indiana. *Spangler v. Bechtel*, 958 N.E.2d 458, 466 (Ind. 2011). Rather, Indiana allows the recovery of "damages for emotional distress resulting from the negligence of another" only where Mr. Doe has "sustain[ed] a 'direct physical impact'" as a result of the defendant's negligence.[2] *See Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420, 425 n.1 (Ind. Ct. App. 2016) (citation omitted); *Bah v. Mac's Convenience Stores, LLC*, 37 N.E.3d 539, 546-57 (Ind. Ct. App. 2015).

The concept of "impact" incorporates a "sense of physical sensation." *Ritchart v. Indianapolis Pub. Schools*, 812 N.E.2d 189, 194 (Ind. Ct. App. 2004). In other words, "the rule envisions the

---

[2] Mr. Doe does not allege emotional distress under Indiana's alternative "bystander" theory. *Groves v. Taylor*, 729 N.E.2d 569, 572-73 (Ind. 2000).

plaintiff being present at the scene of the injury-producing event and, as a result, being directly impacted in a physical manner." *Perkins v. Stesiak*, 968 N.E.2d 319, 322 (Ind. Ct. App. 2012). Indiana does not allow recovery of emotional distress damages for breach of contract. *Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 638 (Ind. Ct. App. 2015).

Here, Mr. Doe does not allege that Notre Dame negligently acted in a manner that physically touched him, causing him emotional distress; but rather that his emotional distress arises from the University's allegedly negligent administration of its policies under *du Lac* [Compl. ¶¶179-181]. Essentially, his emotional distress claim is a dressed up version of his Count IV breach of contract claim for which emotional distress damages are not recoverable. *Jaffri*, 26 N.E.3d at 638. The negligent infliction claim should be dismissed.

**B.    Mr. Doe's Estoppel Claim (Count V) Should be Dismissed.**

Mr. Doe's claim for "estoppel and reliance" fails because he has not alleged facts that would establish reasonable or detrimental reliance. *See Reginald Martin Agency, Inc., v. Conseco Medical Ins. Co.*, 478 F.Supp.2d 1076, 1093 (S.D. Ind. 2007).[3] In particular, Mr. Doe does not allege any separate action or forbearance taken in reliance on any such promise in *du Lac* or otherwise, beyond his enrollment at the University [Compl. ¶168]. However, he has not pleaded facts that would establish this reasonable reliance—aside from his conclusory statement of reliance that is insufficient under *Twombly*. For instance, he has not alleged that he read *du Lac*, that he reviewed the terms on which he claims now the University has not met, that he was ever aware of the terms at the time of enrollment, or that his decision to enroll was at all based on having reviewed or read its language.

---

[3] Although Mr. Doe entitles Count V "estoppel and reliance," the University notes that elements recited in Count V appear to recite a claim of promissory estoppel under Indiana law, namely, (1) the existence of a promise, (2) made with the expectation that the promisee will rely, (3) which induces reasonable reliance by the promisee, (4) of a definite and substantial nature, and (5) injustice can only be avoided by enforcement of the promise. *Reginald Martin Agency, Inc., v. Conseco Medical Ins. Co.*, 478 F.Supp.2d 1076, 1093 (S.D. Ind. 2007) (citing *Citizens Financial Services, FSB v. Innsbrook Country Club, Inc.*, 833 N.E.2d 1045, 1056 (Ind. Ct. App. 2005)). Accordingly, the University's arguments target these actual allegations as pleaded.

*See*, *e.g.*, *Owen v. Wangerin*, 985 F.2d 312, 316 (7th Cir. 1993) (reasonable reliance did not exist when plaintiff had not read the operative document); *Castro v. Local 1199, Nat'l Health & Human Servs. Emples. Union*, 964 F. Supp. 719, 731 (S.D.N.Y. 1997) (plaintiff could not establish detrimental reliance on employment manual when she had not read it). The conclusory statement of reliance is insufficient, so this estoppel claim should be dismissed. *See Twombly*, 556 U.S. at 570.

C.      **Mr. Doe's ADA and Rehabilitation Act Claims Should be Dismissed.**

Mr. Doe's ADA and Rehabilitation Act claims fail as a matter of law. Mr. Doe has not alleged sufficient facts to support either claim. Additionally, Mr. Doe's claims that the University failed to accommodate him based on an actual or perceived disability fail as a matter of law.

Count II and Count III of Mr. Doe's complaint are nearly identical, except Count II alleges claims under the ADA and Count III alleges claims under the Rehabilitation Act. In Count II, Mr. Doe alleges "the University's actions and practices—charging Mr. Doe with violation of University rules, dismissing him from school, barring him from the University, threatening to arrest him for trespassing if he entered University property, and imposing discriminatory conditions upon his readmission"—violate the ADA [Compl. ¶146]. Count III alleges the same, but under Section 504 of the Rehabilitation Act [Compl. ¶153]. Both counts further allege a failure to provide reasonable accommodations to Mr. Doe because the University refused "to drop the charges against him, to allow him to return to school and take final exams, and to dissolve the barring order" [Compl. ¶¶151, 155].

Counts II and III differ only in that Count II seems to be based on discrimination because of both an actual and perceived disability. Count III seems to allege discrimination based only on a perceived disability. In both counts, Mr. Doe further alleges the University failed to provide reasonable accommodations for his perceived disability.

The ADA was drafted based on the Rehabilitation Act. Because the laws are similarly

worded, courts regularly apply holdings under the Rehabilitation Act to the ADA and vice versa. *Washington v. Indiana High Sch. Athletic Ass'n,* 181 F.3d 840, 845 n.6 (7th Cir. 1999). The claims are thus addressed together given their similar underpinnings and applicable law.

> **1. Mr. Doe's ADA claim based on an actual disability fails because Mr. Doe has not sufficiently alleged his disability substantially limits a major life activity.**

Under the ADA, "[t]he first hurdle [Mr. Doe] must pass . . . is the requirement that [Mr. Doe] must be 'disabled.'"[4] *Duncan v. State of Wisconsin Dept. of Health and Family Servs,* 166 F.3d 930, 935 (7th Cir. 1999). To clear this hurdle, Mr. Doe must do more than merely label a disability. He must allege that he has "a physical or mental impairment that substantially limits one or more of the major life activities." *Paine v. Johnson,* 2008 U.S. Dist. LEXIS 91575, 48 (N.D. Ill. Nov. 7, 2008) (quoting 42 U.S.C. § 12102(2)(A)-(B)). "'Not every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity.'" *Id.* at 48-49 (quoting *Cassimy v. Bd. of Educ. of Rockford Public Schs., Dist. No. 205,* 461 F.3d 932, 936 (7th Cir. 2006)). Courts have held that simply alleging that Mr. Doe is "disabled," without alleging any facts to show how the disability substantially limited one or more major life activities, is insufficient to meet the pleading requirements of *Twombly.  See Knox v. Rhodes,* 2010 U.S. Dist. LEXIS 34269, 9 (S.D. Ill. April 6, 2010). Mr. Doe's mere claim that he has a disability is not enough to meet this burden.

In fact, in Count II, Mr. Doe seems to deny he has a disability, stating:

> 147.   The University mistakenly believes that John has a mental impairment that substantially limits one or more of his major life activities such that he is otherwise unqualified for attendance at the University.

[Compl. ¶147]. Mr. Doe affirmatively states elsewhere in his complaint that he is not substantially limited in any major life activity. For example, Mr. Doe alleges that:

> 18.   John has been an exemplary student, actively involved in academic and philanthropic endeavors both on and off campus and has received university grants for entrepreneurial pursuits with the business college. Before the instant dispute,

---

[4] To the extent Count III can be read to allege discrimination based on an actual disability, that claim should be dismissed on the same basis as the claim in Count II.

> John had no student disciplinary record. John has been admitted to the political science honor society (Pi Sigma Alpha), and has been active in student organizations. John also volunteers and acts as an officer for a notable non-profit organization focused on consumer advocacy for economically disadvantaged individuals. Through his involvement with that organization he has contributed more than 1,500 hours of community service while at the University.
>
> 19.  Based on his academic and professional achievements, John has successfully obtained an offer of employment with a financial firm, with the potential to earn six figures through salary and bonus.

[Compl. ¶¶18-19]. Rather than plead facts to support a disability that substantially limits a major life activity, he pleads facts contradicting his claim. The claim should accordingly be dismissed.

### 2. Mr. Doe's ADA and Rehabilitation Act claims based on a perceived disability are not sustainable based on the complaint.

Mr. Doe alleges in Counts II and III that the University "perceived" him as disabled. Both the ADA and the Rehabilitation Act define "disability" as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment." 42 U.S.C. §12102(2) (ADA); 34 C.F.R. § 104.3(j) (Rehabilitation Act).

To demonstrate disability under the "regarded as" prong of the ADA/Rehabilitation Act, Mr. Doe must establish that the University believed, rightly or wrongly, that he "had an impairment that substantially impaired his ability to [in this case, fulfill his requirements as a student], but the impairment did not actually so limit him." *Damani v. Simer SP, Inc.*, 650 Fed. Appx. 897, 899 (7th Cir. 2016); *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 607 (7th Cir. 2012) ("to succeed on his claim, he must establish that either (1) 'the employer mistakenly believe[d] that [he] ha[d] an impairment that substantially limits a major life activity,' or (2) 'the employer mistakenly believe[d] that an existing impairment, which is not actually limiting, does substantially limit a major life activity.'").

Mr. Doe fails to allege any facts supporting his allegations that the University "mistakenly believes that he has a mental impairment that substantially limits one or more of his major life activities" [Compl. ¶¶147, 154]. Mr. Doe pleads the University was aware he was seeking treatment

9

through the University's counseling center, but alleges no other facts that would indicate the University *perceived* Mr. Doe to be disabled [Compl. ¶6]. Simply showing an entity (in this case the University) is aware of medical treatment or diagnosis is not enough to show that the entity perceived the individual as disabled. *Foos v. Taghleef Indus., Inc.*, 132 F.Supp.3d 1034, 1053-54 (S.D. Ind. 2015). The claims should accordingly be dismissed.

> **3. Mr. Doe's ADA and Rehabilitation Act claims also fail because he has not alleged a causal connection between his disability (or perceived disability) and any adverse actions.**

Mr. Doe alleges "the University's actions and practices—charging Mr. Doe with violation of University rules, dismissing him from school, barring him from the University, threatening to arrest him for trespassing if he entered University property, and imposing discriminatory conditions upon his readmission"—violate the ADA and Rehabilitation Act [Compl. ¶¶146, 153]. Mr. Doe further alleges the University "excluded Mr. Doe from participation in and denied him the opportunity to participate in or benefit from its programs, services and activities based upon fear, speculation and stereotype about his perceived disability," and that the University "treated Mr. Doe unequally compared to students that do not have a disability" and "used criteria and methods of administration that have the effect of subjecting Mr. Doe to discrimination on the basis of his perceived disability . . . ." [Compl. ¶¶149-150, 153-54]. However, Mr. Doe pleads no allegations that the University took these actions against him because of an actual or perceived disability.

To state a claim for disability discrimination under either the ADA or the Rehabilitation Act, Mr. Doe must allege he suffered an adverse action *because of* his disability. *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999) ("The ADA and Rehabilitation Act prohibit an employer from discriminating against a qualified individual with a disability because of the disability."). In *Brenston v. Wal-Mart,* 2009 U.S. Dist. LEXIS 47971, 12-13 (N.D. Ind. June 8, 2009) (Simon, J.), for example, the court dismissed an ADA claim because Mr. Doe had not alleged he was discriminated against *because*

10

*of* his disability. Mr. Doe alleged he was disabled and that his supervisors gave him impossible tasks, but nowhere did he allege he was given these impossible tasks to discriminate against him *because of* his disability. *See id.*

Likewise, in *A.B. v. Housing Authority of South Bend,* 2011 U.S. Dist. LEXIS 101546, 15 (N.D. Ind. September 8, 2011) (Simon, J.), the court dismissed ADA and Rehabilitation Act claims when Mr. Doe alleged that defendants "'intentionally and maliciously,' evicted [Mr. Doe] 'because of' or 'on the basis of [his] disability,' and unfairly treated [Mr. Doe] compared to 'similarly situated' tenants." In doing so, the court explained, "[t]hese are precisely the type of general allegations, devoid of any factual enhancement, that the courts in *Iqbal* and *Brooks* rejected as conclusory." *Id.*

As in *Brenston* and *A.B.*, Mr. Doe alleges he was disabled (or regarded as disabled), and the University took various actions against him. Yet he provides no facts to link the disability (perceived disability) to the adverse actions. To the contrary, the theme of his complaint is that the University overzealously fulfilled its obligations under Title IX. Because there is no causal connection between Mr. Doe's allegations that he is disabled (regarded as disabled) and the actions taken by the University, he has not stated an actionable claim for discrimination under the ADA or Rehabilitation Act based on an actual or perceived disability.

### 4. Mr. Doe's claim that the University failed to provide reasonable accommodations to him fail as a matter of law.

Mr. Doe pleads:

Additionally, Defendant has failed to provide a reasonable accommodation under the Americans with Disabilities Act that would enable Mr. Doe meaningful access to Defendant's services, programs or activities. Defendant's decisions, *inter alia*, to deny Mr. Doe's requests to drop the charges against him, to allow him to return to school, and to dissolve the barring order, amount to a failure to accommodate Mr. Doe's disability.

[Compl. ¶¶151, 155]. This claim fails as a matter of law.

Courts have held that a reasonable accommodation does not include rescinding discipline. Even if Mr. Doe is alleging that his disability caused him to engage in the misconduct, it is not a

reasonable accommodation to ignore misconduct and take no action against the student. *Pernice v. City of Chicago,* 237 F.3d 783, 785 (7th Cir. 2001) (ADA provides no bar to discipline for misconduct); *Schwarz v. Loyola Univ. Med. Ctr.,* 2012 U.S. Dist. LEXIS 82749 (N.D. Ill. June 11, 2012) (same); *see also Halpern v. Wake Forest Univ. Health Scis.,* 669 F.3d 454, 465 (4th Cir. 2012) (university not required to give Mr. Doe a second chance where he was dismissed from medical school for engaging in numerous unprofessional acts; "misconduct—even misconduct related to a disability—is not itself a disability and may be the basis for dismissal") (quotations and citation omitted); *J.A.M. v. Nova Southeastern Univ., Inc.,* 646 Fed. Appx. 921, 926 (11th Cir. 2016) (university not required to excuse violation of agreement requiring Mr. Doe to abstain from alcohol use even though violation related to Mr. Doe's depressive disorder which caused Mr. Doe to binge drink); *Bhatt v. Univ. of Vt.,* 2008 VT 76 (Vt. May 30, 2008) (university not required to give medical student dismissed from the program for deceitful and fraudulent behavior a second chance where student alleged his misconduct was caused by his Tourette's Syndrome; "the purpose of the ADA is not to give a second or third chance to one who commits misconduct."). Mr. Doe's claim in this case that the University failed to accommodate him by rescinding discipline fails as a matter of law.

### 5. Mr. Doe's claims that the University failed to provide reasonable accommodations fail as a matter of law.

It is unclear from Mr. Doe's complaint in Count II under the ADA whether the failure to accommodate claim is based on an actual or perceived disability. However, Count III under the Rehabilitation Act seems to be pleaded as a failure to accommodate based on a perceived disability.

Neither the ADA nor the Rehabilitation Act require the University to provide a reasonable accommodation to an individual it "regards as" disabled. If the individual is regarded as disabled, but there is no actual disability, it makes no sense that the entity would have to make an accommodation. *See Majors v. Gen. Elec. Co.*, 714 F.3d 527, 535 n.4 (7th Cir. 2013) ("The amendments to the ADA clarified that employers needn't provide reasonable accommodation to a

'regarded as' disabled individual. 42 U.S.C. § 12201(h)."). Thus, to the extent Counts II or III are based on a failure to provide Mr. Doe an accommodation because of a perceived disability, no such legal requirement exists. The entirety of Counts II and III should be dismissed.

## CONCLUSION

For these reasons, the University requests the dismissal of Counts II, III, V, and VII of Mr. Doe's complaint with prejudice, and all other just and proper relief.

Date:  June 2, 2017

Respectfully submitted,

  s/*Damon R. Leichty*

Damon R. Leichty
Kelly J. Hartzler
Eileen S. Pruitt
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan
South Bend, Indiana 46601-1632
Telephone: (574) 237-1184
Dleichty@btlaw.com
Khartzler@btlaw.com
Epruitt@btlaw.com

*Attorneys for Defendant University of Notre Dame*


# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, a copy of the foregoing was filed electronically and notice of this filing was sent to all CM/ECF-registered counsel of record by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

  s/*Damon R. Leichty*

DMS 10387308v1