UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17CV298-PPS |
| | ) | |
| NOTRE DAME UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER FOR SETTLEMENT CONFERENCE

On June 29, 2017, the Court held a telephonic status conference for the purpose of selecting an appropriate date in conducting a settlement conference.  Plaintiff was represented by, Andrew S. Gallinaro, Patricia Hamill, Peter J. Agostino and Stephanie L. Nemeth and defendant was represented by Damon R. Leichty and Eileen S. Pruitt.

The Court  hereby schedules a settlement conference in this case for **July 21, 2017** at **10:00 A.M. (EDT)** before Magistrate Judge Michael G. Gotsch, Sr., in Room 231, Robert A. Grant Courthouse, South Bend, Indiana.

This settlement conference represents a final effort to achieve a settlement of all issues in the case; it is not designed to be a preliminary or intermediate step in the settlement process.  It is assumed that by the time of the scheduled conference the parties will have made a concerted effort to settle this case on their own but have been unable to do so.  This conference is not intended to take the place of settlement discussions and negotiations between counsel, nor is it intended to relieve the parties of their responsibility to arrive at a settlement on their own without court intervention.  If no settlement is reached during the court's conference, it is

expected that no settlement will be possible in the future and that the case can proceed to trial. The conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.

Unless excused by the court in advance, lead counsel for all parties and all persons possessing final decision-making authority with respect to settlement for or on behalf of all parties **shall personally** appear and remain present throughout the settlement conference.

It should not be necessary for persons attending the conference to confer or consult with any persons who are not attending the conference before making, accepting or rejecting a settlement offer.  This requirement is not satisfied by giving advance settlement authority or a settlement "range" to the attorney for a party, a local claims adjuster, or some other person acting as a stand-in for the person(s) having ultimate decision-making authority.  Any failure of the lead counsel, parties or persons with final settlement authority to attend the conference may result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference.

At least fourteen (14) days prior to the conference, counsel shall engage in meaningful settlement discussions which, at a minimum, shall include a reasonable demand by the plaintiff(s) and a reasonable offer by the defendant(s).  Failure to receive an offer or demand from the other side does not excuse compliance with this requirement.  During or prior to these discussions, counsel for plaintiff(s) shall provide counsel for defendant(s) with a written breakdown of any demand for money damages.  If a party's settlement position is based in whole or in part upon the opinion of a physician or other expert, such opinion, along with any written report by the physician or expert, shall be disclosed to opposing party.  Counsel are encouraged

2

to make a concerted effort to settle the case on their own prior to the formal settlement conference.

On or before **July 14, 2017**, each party shall provide the court with a brief confidential settlement memorandum. Under no circumstances will settlement memoranda be disclosed to opposing counsel and shall not become part of the file of the case, but shall be used exclusively by the magistrate judge in preparing for and contributing to the mediation session. The following information shall be included in the memorandum:

    1. A brief statement of the facts of the case, and of the claims and defenses, i.e., the statutory or other grounds upon which the claims are founded. This statement should identify the major factual and legal issues in dispute, and include an honest appraisal of the relative strengths and weaknesses of the case. Legal arguments should not be included unless they are absolutely critical to the evaluation and/or settlement of the case, and, if necessary to be included, shall be strictly limited to basic legal arguments. Copies of contracts, agreements, business records, photographs, or other tangible evidence may be attached to the confidential settlement memoranda if critical to the negotiations.

    2. A summary of settlement negotiations to date, including the results of the required discussions between counsel, the parties' position on settlement, and the last settlement proposal tendered by a party, if any.

    3. The name and title of the individual(s) possessing ultimate decision-making authority with respect to settlement who will be attending the conference, together with a certification by counsel that such person(s) have ultimate decision-making authority with respect to settlement.

The memorandum should be mailed to Magistrate Judge Michael G. Gotsch, Sr., 201 Robert A. Grant Courthouse, 204 S. Main St., South Bend, Indiana 46601and be marked CONFIDENTIAL on the envelope, or emailed to: gotsch_chambers@innd.uscourts.gov.

Also, please note that all federal courts are operating under heightened security measures.  Individuals entering this building will be required to present picture identification, state the purpose of their visit and pass all screening procedures.  Visitors who are unable to present picture identification will not be admitted to the courthouse.  Counsel should advise their clients and all individuals attending the settlement conference of these security requirements.  Your cooperation with these necessary procedures is greatly appreciated.

**SO ORDERED.**

Dated June 29, 2017.

     S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

4