UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:17-cv-298 |
| | ) | |
| NOTRE DAME UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF NOTRE DAME'S REPLY
SUPPORTING ITS PARTIAL MOTION TO DISMISS**

The University has proposed a form of order to address its motion for partial dismissal. Mr. Doe concedes that his complaint fails to state a claim under the Americans with Disabilities Act (Count II), the Rehabilitation Act (Count III), and Indiana law for promissory estoppel (Count V) and negligent infliction of emotional distress (Count VII). In his response, Mr. Doe purports to "withdraw" his claims, albeit with certain conditions on the University [Dkt. 68].  This is improper.

***First***, there is no procedural mechanism for Mr. Doe to voluntarily withdraw the deficient claims in the manner he has. The procedural vehicle for voluntary dismissal is Fed. R. Civ. P. 41. But, the Seventh Circuit "has made clear" that Rule 41 "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind.*, No. 2:10-CV-255, 2010 U.S. Dist. LEXIS 106709, 4-5 (N.D. Ind. Sept. 1, 2010) (Simon, J.) (quoting *Berthold Types Ltd. v. Adobe Sys., Inc.* , 242 F.3d 772, 777 (7th Cir. 2001)). Thus, Mr. Doe cannot procedurally withdraw claims via his type of response.

***Second***, Mr. Doe's attempt to impose conditions on the University is not proper. For instance, in his response, Mr. Doe states: "Because this Court has determined, and the University does not dispute, that the policies and procedures set forth in the University's student handbook and

sexual misconduct policy are contractual in nature, Count V [promissory estoppel] is also withdrawn as moot" [Dkt. 68]. But the basis for the University's motion to dismiss Count V was that Mr. Doe failed to properly plead facts that would establish *reliance* (a requisite part of that claim), not because a contract existed. Mr. Doe did not address in his response the University's argument for dismissal. Mr. Doe cannot predicate dismissal on any conditions, let alone by ascribing positions to the University that the University has not advanced, and on an unrelated point at that. The University has not conceded and does not concede that *du Lac* is contractual in nature. The estoppel claim is deficient for the separate reason set forth in the motion.

The University is entitled to dismissal of Counts II, III, V and VII without any conditions imposed by Mr. Doe. Notwithstanding the flaws in Mr. Doe's offered "withdrawal," the University agrees that Counts II, III, V, and VII should be dismissed and has tendered an alternative form of order to Mr. Doe and the Court for that purpose.

Date:  June 30, 2017

Respectfully submitted,

 s/*Damon R. Leichty*
Damon R. Leichty
Eileen S. Pruitt
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, Indiana 46601-1632
Telephone: (574) 237-1184
Dleichty@btlaw.com
Epruitt@btlaw.com

*Attorneys for Defendant University of Notre Dame*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2017, a copy of the foregoing was filed electronically and notice of this filing was sent to all CM/ECF-registered counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 s/*Damon R. Leichty*

DMS 10587967v2

2