UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:17-CV-298-PPS-MGG |
| | ) | |
| NOTRE DAME UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO SCHEDULE PRETRIAL CONFERENCE**

Plaintiff, John Doe, by his attorneys, files this Motion to Schedule a Pretrial Conference, and in support states:

1.   As the Court is aware, this case involves a challenge by John Doe to the University of Notre Dame's decision to dismiss him from the University days before graduation following a deeply flawed Title IX proceeding. That proceeding involved allegations that John sent text messages to his then-girlfriend expressing thoughts of suicide.

2.   On April 20, 2017, Plaintiff filed a Complaint with this Court, as well as a Petition for Temporary Restraining Order and/or Preliminary Injunction. In his request for preliminary injunctive relief John asked for an order allowing him to complete his degree requirements by sitting for two final exams.

3.   A preliminary injunction hearing was held on April 28, 2017 and an Order Granting John's Request for Preliminary Injunctive Relief was issued on May 8, 2017.

1

4.     On June 29, 2017, a Rule 16 Preliminary Pretrial Conference was held setting out certain deadlines, including a discovery deadline of October 31, 2017.[1]

5.     Although the discovery deadline has not yet passed, Plaintiff requests the Court schedule a pretrial conference during the month of October, as the Court's calendar permits.

6.     The purpose of the conference would be (1) to schedule a final pre-trial conference for as soon after the close of discovery as the Court's calendar will permit, and (2) to reserve now a date certain for trial.

7.     Plaintiff recognizes that this request is unorthodox and that the Court would normally schedule a final pre-trial conference following the close of discovery. However, there are particular time sensitivities unique to this case that warrant more immediate attention.

8.     The disciplinary sanctions that the University imposed on John require him to reapply for admission to the University for the Spring Semester of 2018 and to take additional courses to obtain the credits necessary for his degree, at which point he will become degree eligible for a May 2018 degree.[2]  In the event that the parties are not

---

[1] New counsel recently entered the case on behalf of Notre Dame and has asked for a thirty-day extension of all pre-trial deadlines.  Plaintiff offered to agree to that extension if Notre Dame would agree not to oppose this request for a pre-trial conference.  Notably, Plaintiff did not ask Notre Dame to agree to a specific trial date – rather, Plaintiff asked Notre Dame to consent to the filing of this motion so that both parties may discuss appropriate trial scheduling with the Court at a conference.  Notre Dame refused.

[2] Despite this Court's Preliminary Injunction ordering Notre Dame to allow John to take the final exams in the courses he needed to complete his degree, Notre Dame is refusing to honor those exams and is insisting that John retake those courses (or equivalent courses) in their entirety unless and until a final order issued in this case requires otherwise.

able to obtain a final disposition of this matter on the merits before John has served the entire sanction under the University's wrongful administrative decision, he will have suffered a great deal of the harm this Court's Preliminary Injunction was intended to prevent.

9. As a result, Plaintiff respectfully requests that the Court schedule a pre-trial conference so that the parties will have an opportunity to reserve time on the Court's calendar for a final pre-trial conference and for trial.

WHEREFORE, Plaintiff John Doe, by counsel, respectfully requests that this Court schedule a pretrial conference during the month of October 2017, the Court's calendar permitting, so that the parties may discuss reasonable deadlines for a final pre-trial conference and reserve time on the Court's calendar for trial as soon as practicable thereafter.

Respectfully submitted,

s/ Peter J. Agostino
Peter J. Agostino                    (#10765-71)
Stephanie L. Nemeth              (#25721-71)
ANDERSON AGOSTINO & KELLER, P.C.
131 South Taylor Street
South Bend, IN  46601
Telephone:  574.288.510
Facsimile:  574.288.1650

Patricia H. Hamill (*Pro Hac Vice*)
Andrew S. Gallinaro (*Pro Hac Vice*)
CONRAD O'BRIEN
1500 Market St., Room 3900
Philadelphia, PA  19102
Telephone:  215.864.8071

3

Facsimile: 215.864.0793
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 31st day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Damon R. Leichty at damon.leichty@btlaw.com
Eileen S. Pruitt at eileen.pruitt@btlaw.com
Kelly J. Hartzler at kelly.hartzler@btlaw.com
Benjamin M. Blatt at bblatt11@gmail.com
Sandra Musumeci at SMusumeci@rshc-law.com
Ryan Poscablo at rposcablo@rshc-law.com
Ronald Safer at rsafer@rshc-law.com

s/ Peter J. Agostino_____
Peter J. Agostino                    (#10765-71)